### JOHN D. PALMER *v.* B. JONES, et al.

1. SCIRE FACIAS — REVIVOR OF JUDGMENT — STATUTE OF LIMITATIONS.— Where R. P. recovered judgment against J., et al., on the 5th day of March, 1867. The plaintiff died, and J. D. P. became the administrator, and sued out a writ of *scire facias* to revive the judgment on the 5th day of August, 1874. *Held*, that the action was barred by the statute of limitations of seven years. Code of 1857, art. 8, page 400; Code of 1871, § 2153. No execution having issued on the judgment, had the plaintiff been living at the time of the issuance of the *scire facias*, he could not have revived the judgment. The administrator does not stand in a better attitude.

ERROR to the Circuit Court of Tippah County.

On March 5, 1867, a judgment was recovered by Randal Palmer against B. Jones, Wm. Persons and S. R. Spight, for $274.30 in the circuit court of Tippah county.

On the 8th day of July, 1874, at the instance of John D. Palmer, administrator of Randal Palmer, a suit of *scire facias* was issued against the judgment debtors for the revival of the judgment, and for the purpose of obtaining a writ of execution.

The judgment debtors at the next term of court made a motion to *quash* the writ of *scire facias* upon the ground that seven years had elapsed since the rendition of the judgment.

This motion was granted, and the writ quashed, and the *scire facias* proceeding dismissed.

From this judgment the plaintiff in error brings the cause to this court by writ of error.

*Frank Johnston*, for plaintiff in error:

The only question presented is, whether the proceeding by *scire facias* is barred by limitation.

At common law a judgment did not constitute a lien on the

42

debtor's property, and until the writ of *elegit* was given by statute in England, the land of the debtor could not be reached. The lien was created by the levy under the execution. Judgment liens, as now commonly spoken of, were unknown to the common law. Before adverting to our statutes, it would be well to ascertain the common law on the general question before the court.

At the common law an execution could be had any time within a year and a day after the rendition of the judgment. And an alias writ could be had at any time, provided the first execution had been issued within the time stated. If no execution was issued within the year and day, then a writ of *scire facias* was necessary to revive the judgment for execution. 2 Tidd's Prac., 994 and 1103. If after revival by *scire facias*, an execution is not issued within a year and a day, the plaintiff can proceed again by *scire facias.* Ibid, 1106.

The rule as to limitation at common law can be thus stated: After a lapse of twenty years the presumption of payment arose, and this presumption was applicable, not only to an action of debt on the judgment, but to the proceeding by *scire facias.* 1 Tidd, 18, and note 2.

*After* the expiration of twenty years, the plaintiff was not entitled in the first instance to a writ of *scire facias*, but to an order against the defendant to show cause. Ibid, 1105.

The precise effect of this presumption of payment, and the evidence necessary to rebut it, are questions unnecessary to be considered. It may be said that a judgment at common law could be revived by *scire facias* at any time within twenty years after its rerdition.

The next inquiry is, what change in the common law has been made by the statutes in this state?

By art. 15, Code, 1857, p. 401, the *lien* of a judgment is limited to a period of seven years from the date of the judgment. But this provision can have no effect on the proceeding by *scire facias*, as the lien given by the statute is quite distinct from the enforce-

ment of the judgment by final process.    Hastings v. Cunningham, 39 Cal., 137.

Art. 11, Code, 1857, p. 400, contains a limitation of four years on proceedings by *scire facias* against executors and administrators. But this does not relate to cases where the purpose of the writ of *scire facias* is to have execution, and where there has been no change of parties.

Art. 8, Code of 1857, p. 400, provides that no execution shall issue after seven years from the date of the last preceding execution.

There is no express limitation on the writ of *scire facias*, nor does it provide that the judgment shall be held to be satisfied after the lapse of seven years from the date of the last execution.    It was intended simply to restrict the time within which an execution could be had without a revival of the judgment by writ of *scire facias*.    The rule at common law which was designed to be repealed was, that if the original suit of *fieri facias* issued within a year and a day, then the plaintiff could have *alias* writs at any time thereafter.    2 Tidd's Prac., 1103 ; 5. How., 175 ; 2 George, 435.    Under this statute, if the plaintiff had his original execution within a year and a day, he could have an *alias* writ at any time within the seven years; after the expiration of that time, he could not have an execution without reviving the judgment by writ of *scire facias*.

The first clause of sec. 8, Act of 1844 (Hutch. Code, 830 and 831), provided a limitation on the writ of *scire facias*; the last clause was identical with art, 8, Code, 1857 (*supra*).    In Abbey v. Commercial Bank, 2 George, 436, the court treated the *first* and *not the last* clause of section of the Act of 1844, as imposing the limitation on the proceeding by *scire facias*.

It will be seen that this first clause is not reënacted in either the Code of 1857, or the Code of 1871, but only the *last* clause of the Act of 1844 (sec. 8), which did not contain the limitation, is embodied in the Codes of 1857 and 1871.    There is no other pro-

vision of law bearing on the subject other than those referred to. It is respectfully submitted that art. 8, Code of 1857, and § 2153 of the Code of 1871, which is in the same language, do not prescribe any limitation on a proceeding by *scire facias* to revive a judgment for the purpose of having execution.

*Kimbrough & Abernathy*, for appellees:

Judgment sought to be revived was rendered 5th March, 1867. *Scire facias* to revive issued 8th day July, 1874. Same parties made defendants, not seeking to make new parties liable.

The statute of limitation, interposed by motion, which says more than seven years have elapsed since rendition of judgment, issuance of last execution or *scire facias*.

A writ of *scire facias* is in the nature of an action on the judgment. 1 H., 267 ; State Bank v. Vance, 9 Yer., 471. Action on judgment barred by seven years. Revised Code 1871, § 2155. *Scire facias* to revive a judgment seems to be proper only where it is sought to charge some new parties, or a year and a day have elapsed without execution, and less than seven years. Locke v. Bradey, 1 George, 21.

PEYTON, C. J., delivered the opinion of the court :

It appears from the record in this case, that Randal Palmer, on the 5th day of March, 1867, recovered a judgment in the circuit court of Tippah county, against B. Jones, William Persons and S. R. Spight, for the sum of two hundred and seventy-four 30-100 dollars. That subsequently to the rendition of the judgment, the said Randal Palmer died, and John D. Palmer became administrator of his estate, and sued out from said court, on the 8th day of July, 1874, a writ of *scire facias* to revive said judgment in his name, and to have execution thereof.

On the 5th day of August, 1874, the defendants moved the court to quash the *scire facias* on the ground that it appears from its face to be barred by the statute of limitations of seven years. The motion was sustained by the court, and the writ quashed. And hence the case is brought to this court.

The Code of 1857, in article 8, page 400, provides that all actions of debt, founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after ; and no execution shall issue on any such judgment or decree after seven years from the date of the issuance of the last preceding execution on such judgment or decree. And this provision is also contained in section 2153 of the Code of 1871. And it is declared in both of these codes that no judgment or decree, rendered in any court held within this state, shall be a lien on the property of the defendant therein for a longer period than seven years from the rendition thereof.

It does not appear that any execution had ever issued on the judgment, and in that case the statute is an absolute bar to the bringing a suit or action on the judgment, and to the issuance of an execution thereon.

One of the purposes of the *scire facias* is to have execution of the judgment, and this cannot be had, because the statute prohibits it, and the other purpose of the writ is to revive the judgment in the name of the personal representative of the plaintiff therein. Had the plaintiff in the judgment been living at the time of the issuance of the *scire facias*, he could neither have brought an action on the judgment, nor run an execution thereon. If this be so, it would be a nugatory act to revive in the name of the administrator, who could have no more rights, nor stand in any better position with reference to the judgment and execution, than his intestate would have had, had he been living.

The record shows that the bar of the statute was complete, and therefore the court did not err in quashing the *scire facias*.

The judgment must be affirmed.